UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| QUENNEL T. AUGUSTA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:23-cv-04235-SLD-JEH |
| JEREMY KARLIN, JAMES STANDARD, ANDREW DOYLE, AMBER SCHLOMER, KYLE WINBIGLER, CAMERON WOODBURY, and RUSSELL IDOL, | ) ) ) ) ) |
| Defendants. | ) ) |

ORDER

Plaintiff Quennel T. Augusta, representing himself, files suit against Defendants Knox County State's Attorney Jeremy Karlin, Judge James Standard, Judge Andrew Doyle, and police officers Amber Schlomer, Kyle Winbigler, Cameron Woodbury, and Russell Idol. Compl. 1, ECF No. 1. The matter comes before the Court for screening. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). For the reasons that follow, Plaintiff's complaint is DISMISSED in part and STAYED in part.

BACKGROUND

Plaintiff has been charged in two criminal cases in Knox County, Illinois: 2023CF348 and 2023CF493. *See* Compl. 1. In 2023CF348, Plaintiff was charged with possession and delivery of meth and possession and manufacturing or delivery of cocaine or an analog. *See* 2023CF348, Knox County, IL, https://judici.com/courts/cases/case_dispositions.jsp?court=IL048025J&ocl=IL048025J,2023CF

1

348,IL048025JL2023CF348D1 (last visited Feb. 5, 2024).[1]  In 2023CF493, he was charged with possession and manufacturing or delivery of cocaine or an analog.  2023CF493, Knox County, IL, https://judici.com/courts/cases/case_dispositions.jsp?court=IL048025J&ocl=IL048025J,2023CF493,IL048025JL2023CF493D1 (last visited Feb. 5, 2024).

He has also has the following traffic charges pending against him in Knox County: driving on a suspended license, unlawful possession of cannabis, and operating a vehicle without insurance, *see* 2023MT254, Knox County, IL, https://judici.com/courts/cases/case_dispositions.jsp?court=IL048025J&ocl=IL048025J,2023MT254,IL048025JL2023MT254D1 (last visited Feb. 5, 2024); unlawful possession of cannabis in a motor vehicle, *see* 2023MT527, Knox County, IL, https://judici.com/courts/cases/case_dispositions.jsp?court=IL048025J&ocl=IL048025J,2023MT527,IL048025JL2023MT527D1 (last visited Feb. 5, 2024); improper use of registration, *see* 2023MT775, Knox County, IL, https://judici.com/courts/cases/case_dispositions.jsp?court=IL048025J&ocl=IL048025J,2023MT775,IL048025JL2023MT775D1 (last visited Feb. 5, 2024); and driving without a license and transporting alcohol in a motor vehicle, *see* 2023TR1428, Knox County, IL, https://judici.com/courts/cases/case_dispositions.jsp?court=IL048025J&ocl=IL048025J,2023TR1428,IL048025JL2023TR1428D1 (last visited Feb. 5, 2024).

According to the publicly available dockets, these cases were all set for a pretrial conference at 9:00 AM on February 5, 2024.  *See, e.g.*, 2023CF348 (click on "History")

---

[1] The Court may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  The Court takes judicial notice of information from Knox County's electronic case search website.

("Continue to 2/5/24 @9am for PTC."). Although it is not particularly clear which arrests and prosecutions Plaintiff complains about in the instant case—he only mentions 2023CF348 and 2023CF493 but his complaint and exhibits seem to relate to some of the traffic cases as well, *see, e.g.*, Order for Hr'g, ECF No. 1 at 22—Plaintiff alleges that his arrests and prosecutions violate his right to travel, Compl. 2–3, that he was illegally searched and seized, *id.* at 3, that his due process rights have been violated, *see id.* at 3, 7, and so forth. He asks for "relief from officer" including $50 million, "relief from the people of" the state of Illinois including $50 million and dismissal of the charges against him, for the state to "expunge" his unconstitutional charges, and for the state of Illinois to change their statutes, rules, and regulations. *Id.* at 11.

## DISCUSSION

### a. Legal Standard

"[F]ederal courts [generally must] abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007) (citing *Younger v. Harris*, 401 U.S. 37, 43–44 (1971)). Referred to as *Younger* abstention, this "doctrine . . . is rooted in traditional principles of equity, comity, and federalism." *Ewell v. Toney*, 853 F.3d 911, 916 (7th Cir. 2017). The court may raise *Younger* abstention *sua sponte*. *Boothe v. Sherman*, 66 F. Supp. 3d 1069, 1074 (N.D. Ill. 2014) (citing *Capra v. Cook Cnty. Bd. of Rev.*, 733 F.3d 705, 713 n.5 (7th Cir. 2013)).

Under *Younger* abstention, a federal court must "abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances—like bias or harassment—exist which auger against abstention." *Majors v.*

3

*Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998).  The court must also abstain from taking jurisdiction over claims for monetary damages that "may interfere with ongoing state proceedings."  *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013).  Claims based on allegedly "illegal searches, seizures, and detentions meet that description: they involve constitutional issues that may be litigated during the course of [a] criminal case" and "[d]eciding those issues in federal court could undermine the state court proceeding."  *Id.*  Where monetary relief is not available in the state proceedings, however, the federal court should stay rather than dismiss a plaintiff's claims pursuant to *Younger*.  *Id.*

   b.  Analysis

The Court concludes that *Younger* abstention is required here.  The gist of Plaintiff's complaint is that his arrests and prosecutions violate various of his constitutional rights: his right to travel, his Fourth Amendment rights, his due process rights, etc.  Resolution of his claims could undermine the state court proceedings because it could necessitate precluding his conviction.  These are the types of claims that are barred under *Younger*.  *Cf. Bertha v. Kane Cnty.*, Case No. 16 C 4982, 2018 WL 4073300, at *4 (N.D. Ill. Aug. 27, 2018) ("These claims are closely related to the state court criminal proceedings—the events having occurred during the proceedings—and are thus barred by *Younger* given that 'the potential for federal-state friction is obvious.'  The federal courts should not be policing ongoing state court proceedings." (citing *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995))).

More specifically, the Court finds the four conditions outlined above are met.  The underlying criminal proceedings are judicial in nature and ongoing.  And the criminal proceedings implicate important state interests.  State criminal proceedings are the quintessential claims covered by *Younger* abstention.  *See Younger*, 401 U.S. at 46; *Scott v. DOC SORP*

*Admin.*, No. 23-CV-777-JPS, 2023 WL 4763211, at *2 (E.D. Wis. July 26, 2023) ("This case presents a textbook *Younger* abstention situation: Plaintiff is asking a federal court to intervene in his ongoing state criminal prosecution."). Plaintiff will have an opportunity to litigate his claims in his state cases either before trial or on appeal. *See Majors*, 149 F.3d at 713 ("Subsequent judicial review is a sufficient opportunity."); *Doe v. Lindell*, No. 22-1666, 2023 WL 196467, at *3 (7th Cir. Jan. 17, 2023) (concluding that the plaintiff had an opportunity to raise her claims in state court where she raised them on appeal); *Doe v. Lake Cnty.*, Case No. 21-cv-3262, 2022 WL 874651, at *6 (N.D. Ill. Mar. 23, 2022) (similar).

Finally, there do not appear to be any exceptional circumstances that counsel against abstention. The exceptions to *Younger* are limited: a court should not abstain when "the pending state proceeding was motivated by a desire to harass or is conducted in bad faith" or "the plaintiff has [otherwise] demonstrated an extraordinarily pressing need for immediate equitable relief that, if not granted, will irreparably injure the plaintiff." *FreeEats.com*, 502 F.3d at 596–97 (quotation marks omitted). Neither circumstance is present here.

Courts typically consider three factors "[i]n determining whether a prosecution is commenced in bad faith or to harass": 1) "whether the prosecution is frivolous or undertaken with no reasonable objective hope of success"; 2) "whether the prosecution is motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights"; and 3) "whether the prosecution is conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions." *Reardon v. Danley*, No. 21-CV-2260, 2022 WL 3227005, at *9 (C.D. Ill. July 6, 2022) (quotation marks and alterations omitted). A plaintiff "must allege specific facts to

support his inferences of bad faith, bias, and retaliation." *Id.*; *Crenshaw v. Sup. Ct. of Ind.*, 170 F.3d 725, 729 (7th Cir. 1999) (same).

Though Plaintiff alleges that "[t]he Knox County Court is a fraud at law," Compl. 4, and believes that his arrest was illegal, *see, e.g.*, *id.* at 3, he alleges no specific facts that would show that the cases against him are frivolous, were an abuse of prosecutorial discretion, or were motivated by retaliation or by Plaintiff's race, sex, or other protected characteristic. And though Plaintiff has been charged multiple times, the police reports he included with his complaint suggest the cases arise out of different incidents. *See* Galesburg Police Department Incident Report, ECF No. 1 at 24–27 (indicating that Plaintiff was pulled over on July 12, 2023 for failure to come to a complete stop and then was cited for failing to obey a stop sign, having an expired driver's license, transporting alcohol, and possessing cannabis in a motor vehicle); Case Detail Report, ECF No. 1 at 35 (indicating that Plaintiff was pulled over for having a registration plate stating "PRIVATE" on October 2, 2023). The complaint does not include any specific facts that would suggest that the prosecutions against Plaintiff are unjustified or that the multiple charges are being pursued in an oppressive way. *Cf. Collins v. Kendall Cnty.*, 807 F.2d 95, 99 (7th Cir. 1986) ("Instituting approximately thirty criminal prosecutions over a two-year period does not constitute bad faith or harassment in and of itself.").

The complaint does not otherwise show "an extraordinarily pressing need for immediate equitable relief" either. *See FreeEats.com*, 502 F.3d at 596–97. To show such a need, a plaintiff would need to show that no state remedy is available "to meaningfully, timely, and adequately remedy the alleged constitutional violation" and that he "will suffer great and immediate harm if the federal court does not intervene." *Id.* at 597 (quotation marks omitted). The Court has no

6

reason to think that Plaintiff cannot raise his claims in state court. *Younger* abstention is warranted here.

To the extent Plaintiff seeks an order enjoining his current prosecutions, his request is DISMISSED. Relatedly, the Court DISMISSES Plaintiff's request for the Court to order the state of Illinois to change its laws and regulations because the Court does not have the power to order a state to enact specific legislation; it can only rule on the constitutionality of an existing law. *See Smith & Lee Assocs., Inc. v. City of Taylor*, 102 F.3d 781, 797 (6th Cir. 1996); *see Mi Familia Vota v. Abbott*, 977 F.3d 461, 470 (5th Cir. 2020) (holding that no "provision in the Constitution permits a court to dictate to legislative bodies or executives what laws and regulations they must promulgate"); *M.S. v. Brown*, 902 F.3d 1076, 1089 (9th Cir. 2018) ("[P]rinciples of federalism counsel against awarding affirmative injunctive and declaratory relief that would require state officials to repeal an existing law and enact a new law proposed by plaintiffs." (quotation marks omitted)). The Court STAYS the remainder of the case pending resolution of the criminal cases against Plaintiff because Plaintiff seeks monetary damages. *See* Compl. 11.

## CONCLUSION

Accordingly, Plaintiff Quennel T. Augusta's complaint, ECF No. 1, is DISMISSED to the extent it asks for injunctive relief against the following state cases: 2023CF348, 2023CF493, 2023MT254, 2023MT527, 2023MT775, and 2023TR1428. The remainder of the case is STAYED pending resolution of those cases. Plaintiff is DIRECTED to provide the Court with an update on the status of those cases every 60 days. Failure to do so may result in dismissal of this case. Plaintiff's first status report is due April 5, 2024. In light of this ruling, the motion to dismiss, ECF No. 5, is MOOT.

Entered this 5th day of February, 2024.

                                                s/ Sara Darrow
                                                SARA DARROW
                                      CHIEF UNITED STATES DISTRICT JUDGE