UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| QUENNEL T. AUGUSTA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:23-cv-04235-SLD-JEH |
| JEREMY KARLIN, JAMES STANDARD, ANDREW DOYLE, AMBER SCHLOMER, KYLE WINBIGLER, CAMERON WOODBURY, and RUSSELL IDOL, | ) ) ) ) ) ) |
| Defendants. | ) |

ORDER

The Court dismissed Plaintiff Quennel T. Augusta's requests for injunctive relief against his ongoing state cases—as well as his request that the Court order the State of Illinois to change its laws—and stayed the remainder of the case pending resolution of those cases. Feb. 5, 2024 Order 7, ECF No. 7. Before the Court are Plaintiff's motion to dismiss Defendants, ECF No. 9, motion for reconsideration of the Court's February 5, 2024 Order, ECF No. 12, and status update, ECF No. 15.

In the motion to dismiss, Plaintiff states that he "clearly filed over a dozen claims" that Defendants have "not properly dispute[d]." Mot. Dismiss 1. He argues that, as a result, he should be granted all the relief requested in his complaint. *See id.* This motion is DENIED. It does not appear that Plaintiff has properly served any Defendant in this case. He filed two handwritten summonses, *see* Summons, ECF No. 2; Am. Summons, ECF No. 3, but a summons must bear the Court's seal and be signed by the Clerk of Court, *see* Fed. R. Civ. P. 4(a)(1)(F), (G). A defendant's obligation to respond is triggered by either being properly served with the summons and complaint or waiving service at the plaintiff's request. *See id.* at 12(a)(1)(A). As

1

Defendants have not been served, they have no obligation to respond yet. Regardless, even if Defendants had been served, they need not have filed a responsive pleading while the case has been stayed.

The motion for reconsideration is also DENIED. "[I]t is well established that a district court has the inherent power to reconsider interlocutory orders and reopen any part of a case before entry of final judgment." *Fisher v. Nat'l R.R. Passenger Corp.*, 152 F.R.D. 145, 149 (S.D. Ind. 1993). Under Federal Rule of Civil Procedure 54(b), the court may revise an "order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *See also Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012) ("Rule 54(b) governs non-final orders and permits revision at any time prior to the entry of judgment, thereby bestowing sweeping authority upon the district court to reconsider [a non-final] motion.").

Plaintiff's motion offers the Court no reason to reconsider its February 5, 2024 Order. Plaintiff complains of various constitutional violations, *see, e.g.*, Mot. Recons. 2 (complaining that he was unlawfully seized and his car was unlawfully searched); *id.* at 5 (complaining that Defendants violated his due process rights because they did not submit his claim to a grand jury), but, as the Court noted, he will have the opportunity to litigate these claims in state court either before trial or on appeal. *See* Feb. 5, 2024 Order 5. Plaintiff attempts to recast these complaints as evidence that his prosecution is biased, *see, e.g.*, Mot. Recons. 2, 5, but a constitutional violation is not itself evidence of bias. A plaintiff must support his argument that his prosecution was commenced in bad faith or in retaliation for exercising constitutional rights or that any state actors are biased against him with specific facts. *Crenshaw v. Sup. Ct. of Ind.*, 170 F.3d 725, 729

(7th Cir. 1999).  Nothing in Plaintiff's motion for reconsideration points to any such facts. Instead, it appears he primarily just disagrees with the state court judges' rulings on various motions.  *See, e.g.*, Mot. Recons. 2, 4–5, 8.  The Court sees no reason to disturb its ruling that this case must be stayed pending resolution of the ongoing state proceedings.

      Lastly, Plaintiff has submitted a status report reporting that he recently purchased some criminal transcripts and complaining that Judge Doyle violated his rights.  Status Update 1–2. He also included a motion for rescheduling his court date which the Court presumes was either meant to be or also sent to state court.  *Id.* at 3–4.  According to Knox County's electronic case search website, his cases are ongoing.  *See, e.g.*, 2023CF348, Knox County, IL, https://judici.com/courts/cases/case_history.jsp?court=IL048025J&ocl=IL048025J,2023CF348,IL048025JL2023CF348D1 (last visited Apr. 5, 2024) (indicating that Plaintiff appeared in court on April 2, 2024 after not appearing for his prior hearing and that a sanctions hearing is set for April 22, 2024); 2023CF493, Knox County, IL, https://judici.com/courts/cases/case_history.jsp?court=IL048025J&ocl=IL048025J,2023CF493,IL048025JL2023CF493D1 (last visited Apr. 5, 2024) (same); 2023MT254, Knox County, IL, https://judici.com/courts/cases/case_history.jsp?court=IL048025J&ocl=IL048025J,2023MT254,IL048025JL2023MT254D1 (last visited Apr. 5, 2024) (noting that Plaintiff failed to appear at a March 4, 2024 pretrial conference and a status hearing is set for April 22, 2024); 2023MT527, Knox County, IL, https://judici.com/courts/cases/case_history.jsp?court=IL048025J&ocl=IL048025J,2023MT527,IL048025JL2023MT527D1 (last visited Apr. 5, 2024) (noting that Plaintiff failed to appear at a March 4, 2024 pretrial conference); 2023MT775, Knox County, IL, https://judici.com/courts/cases/case_history.jsp?court=IL048025J&ocl=IL048025J,2023MT775,I

L048025JL2023MT775D1 (last visited Apr. 5, 2024) (same); 2023TR1428, Knox County, IL, https://judici.com/courts/cases/case_history.jsp?court=IL048025J&ocl=IL048025J,2023TR1428, IL048025JL2023TR1428D1 (last visited Apr. 5, 2024) (same).

This case remains STAYED. The Court will not resolve the merits of Plaintiff's claims until after state cases 2023CF348, 2023CF493, 2023MT254, 2023MT527, 2023MT775, and 2023TR1428 are resolved. Plaintiff is DIRECTED to provide the Court with an update on the status of the cases by June 4, 2024. Failure to do so may result in dismissal of this case.

Entered this 5th day of April, 2024.

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE